## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **JAMES MARISCHLER and SELENA MARISCHLER, natural parents of I.M., deceased,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 13-cv-00651-JTM** |
| **BABY MATTERS, LLC d/b/a BABY MATTERS and/or NAP NANNY,** | ) ) ) | |
| **Defendant.** | ) ) | |

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the stipulation for a protective order filed jointly by the parties. Being fully advised, the Court finds that this case likely will require production of sensitive material, including documents and information of a proprietary and confidential nature within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). In order to facilitate the discovery of this sensitive material, the Court enters to the following Stipulated Protective Order:

1. **Purpose and Scope.** This is a product liability dispute in which certain trade secret information and other confidential research, development and commercial information is likely to be requested in the course of discovery. The parties also may request certain financial information from one another. Under Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Protective Order that will govern the production and disclosure of such proprietary and confidential information. This Stipulated Protective Order shall apply to documents and other tangible things, electronically stored information, interrogatory answers, admissions, or testimony for placement in the record (the "Discovery Material").

2. **Designation of Confidentiality.** Any party in this action may designate as confidential any Discovery Material that has not been made public and that concerns or relates to trade secret, research, development, commercial or financial information (the "Confidential Material"). In the case of documents and other tangible things, designation of Confidential Material shall be made with a stamp of "CONFIDENTIAL" upon the face of each page containing the Confidential Material. In the case of electronically stored information, designation of Confidential Material shall be made with an indication of "CONFIDENTIAL" in the cover letter accompanying the production of such information, upon a label affixed to the storage device on which the information is produced, or within the name of the file produced. In the case of written discovery responses, designation of Confidential Material shall be made by means of a legend on the first page of the responses stating "CONTAINS CONFIDENTIAL MATERIAL" and a statement in each pertinent response identifying that the response includes Confidential Material. In the case of deposition testimony, designation of Confidential Material shall be made by letter or email sent to counsel for the opposing party within 30 days of receipt of the deposition transcript, which letter or email shall identify the specific pages of the transcript containing such Confidential Material.

3. **Disputes Concerning Designations of Confidentiality.** In the event that any party disagrees with the designation of any Discovery Material as Confidential Material, the party shall first attempt to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidential designation may apply for appropriate relief from the Court. Until such time as the matter is resolved by the Court, the Discovery Material in question shall be treated as Confidential Material subject to the provisions of this Stipulated Protective Order.

4.     **Protection of Confidential Material.**  Any material designated as Confidential Material shall be treated as such by the party receiving the Confidential Material and shall be utilized only for purposes of of this action.  Except as agreed to by the parties or ordered by the Court, disclosure of Confidential Material is limited to: (a) the parties; (b) their counsel and counsel's professional staff; (c) court personnel; (d) stenographers and videographers at depositions; (e) special masters, mediators and other neutrals appointed by the Court or agreed to by the parties; (f) independent document reproduction companies and trial services providers; and (g) the parties' testifying or consulting expert witnesses.

All originals and copies of Confidential Material, and all documents or other media summarizing or disclosing the contents of such material, shall remain at all times in the custody of persons or entities subject to this Stipulated Protective Order.  Every person or entity bound by this Stipulated Protective Order shall be reasonably apprised of its existence and shall be required to exercise special care in maintaining the confidentiality of any Confidential Material in his/her/its possession.

5.     **Use of Confidential Material.**  The parties and their counsel shall exercise reasonable care not to disclose Confidential Material by placing it in the public record in this case.  If a party wishes to submit any Confidential Material to the Court (through affidavit, brief, memorandum, oral argument, or otherwise), such Confidential Material may be submitted under seal only upon a separate, specific motion and order of the Court.  Nothing in this Stipulated Protective Order shall prevent the parties and their counsel from using any Confidential Information during depositions or in the trial of this case.  Nor shall anything in this Stipulated Protective Order be construed as a waiver of any party's right to object to any discovery or to challenge the admissibility of Confidential Material in any later proceeding in this case.

6. **Inadvertent Disclosures.** The inadvertent failure to designate Confidential Material does not preclude a party from subsequently making such a designation, and, in that case, the material shall be treated as Confidential Material only after being properly designated. The inadvertent disclosure or production of any information or document that is subject to protection on the basis of the attorney/client privilege, the work product doctrine or any other similar legal doctrine shall not constitute a waiver of the applicable protection so long as the party making the inadvertent disclosure or production provides written notice within 30 days to the opposing party of the intent to invoke the privilege or other protection. Such written notice shall set forth the nature of the privilege or protection claimed, and shall request that the subject material be returned or destroyed. Upon receipt of such written notice, the receiving party shall return or destroy the subject material within five business days.

Nothing in this provision shall prevent the receiving party from challenging a designation of Confidential Material or the applicability of any asserted privilege or protection, but the receiving party shall only be entitled to make such challenge after first complying with the requirements of this Stipulated Protective Order. Once a challenge is made to the designation of Confidential Material or the assertion of any privilege or protection, the material at issue shall retain its protected status until such time as the matter is resolved by the Court.

7. **Return of Confidential Information.** One year after the conclusion of this litigation, a party's counsel may request the return or destruction of any Confidential Material that the party disclosed or produced in this action. If the receiving party elects to destroy the Confidential Material, counsel for that party shall promptly provide written notice of the completed destruction to counsel for the disclosing party. Nothing in this provision shall prevent the parties from retaining copies of any documents admitted at trial in this case.

8.      **Effect and Enforcement of This Order.**  This Stipulated Protective Order shall remain in full force and effect until modified, superseded or terminated by order of the Court or by agreement of the parties.  Any party after final disposition of this case may seek to reopen the case for purposes of enforcing the provisions of this Stipulated Protective Order.  The entry of this Stipulated Protective Order shall be without prejudice to the rights of the parties to apply for additional or different protection if necessary.  A violation of this Stipulated Protective Order may be redressed by any appropriate process on motion of the party aggrieved by such violation.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2013.


___/S/ *JOHN T. MAUGHMER*_____
**HON. JOHN T. MAUGHMER**
**UNITED STATES MAGISTRATE JUDGE**